UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

| | |
|---|---|
| MODIE MCCLENDON III, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:22-cv-13086 |
| FIRST FINANCIAL ASSET MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MODIE MCCLENDON III ("Plaintiff"), by and through the undersigned, complaining as to the conduct of FIRST FINANCIAL ASSET MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC") pursuant to M.C.L. § 339.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28

1

U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Saginaw, Michigan, within the Eastern District of Michigan.

5. Defendant is a third-party debt collector employing a "leading-edge veteran billing and collections management team . . ."[1] Defendant is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 3091 Governors Lake Drive, Suite 500, Norcross, Georgia 30071.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://1fam.com/services/

7. The instant actions arises out of Defendant's attempts to collect upon a purportedly defaulted debt ("subject consumer debt") which Plaintiff does not owe.

8. Around the end of the year 2022, Plaintiff began receiving phone calls to his cellular phone, (989) XXX-1138, from Defendant, seeking collection of the subject consumer debt.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -1138. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has primarily used the phone numbers (616) 466-7068 and (855) 253-3819 when placing calls to Plaintiff's cellular phone but upon belief, it has used other numbers as well.

11. Based on information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activities.

12. Upon answering a call from Defendant, Plaintiff was informed that it was seeking to collect upon the subject consumer debt.

13. Further, after Defendant had asked for a "Caitlyn," Plaintiff informed Defendant that it had the wrong number and not to call him anymore. In response, Defendant communicated that it would remove Plaintiff's number from its system.

14. However, rather than cease its collection campaign, Defendant persisted in placing repeated and consistent phone calls to Plaintiff's cellular phone, seeking collection of the subject consumer debt.

15. Defendant's phone calls included placing multiple calls on the same day from different phone numbers, despite Plaintiff's clear demand that Defendant cease in calling him.

16. Plaintiff has received countless phone calls from Defendant, including multiple instances of repeated phone calls on the same day, despite his clear demand that Defendant should not be calling him.

17. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls resulting in increased blood pressure, loss of time, being subjected to harassing debt collection communications, and violations of his state and federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendant is similarly a business whose principal purpose is the collection of debts.

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d *et seq.,* and 12 C.F.R. § 1006.14 *et seq.*

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Without limiting the generally applicable nature of the foregoing, § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and

continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not wish to be contacted again about the particular debt." Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

26. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following his demand that such calls cease. Such conduct is blatantly prohibited by Regulation F, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium

– as occurred here – constitutes harassing and oppressive conduct in itself. The nature and pattern of Defendant's phone calls, including multiple instances of repeated calls on the same day, further illustrate the harassing and oppressive intent behind, and nature of, Defendant's calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of, *inter alis,* invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

### b. Violations of FDCPA § 1692e

27. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

29. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through Plaintiff's cellular phone despite Plaintiff having requested Defendant to no longer use such medium of communication. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such

7

conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

30. Moreover, Defendant violated §§ 1692e and 1692e(10) by deceptively committing to removing Plaintiff's phone number from its system and then not doing so.

### c.  Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated § 1692f through its unfair conduct in flouting the relevant regulations in its communications with Plaintiff. Defendant engaged in a harassing and unfair collection campaign plainly prohibited by law.

WHEREFORE, Plaintiff, MODIE MCCLENDON III, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00, as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees, as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

33. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

34. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

35. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

36. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

37. The MOC, pursuant to M.C.L. § 339.915(f)(ii), prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

38. Defendant violated M.C.L. § 339.915(f)(ii) through its misrepresentation regarding the extent to which Defendant was permitted to harass Plaintiff through its repeated placement of phone calls following Plaintiff's request that such communications cease.

9

### b. Violations of M.C.L. § 339.915(n)

39. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

40. Defendant violated the MOC through its harassing and oppressive conduct in continuing to seek collection of the subject consumer debt from Plaintiff via phone calls despite Plaintiff's demands that such calls cease.

### c. Violations of M.C.L. § 339.915(q)

41. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

42. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Upon information and belief, Defendant lacks any procedures designed to insure that, upon being told to stop calling and to stop using a particular medium of communication, Defendant acts in accordance with the relevant regulations when honoring such requests made by consumers.

WHEREFORE, Plaintiff, MODIE MCCLENDON III, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

Dated: December 21, 2022           Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman
Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff

11

        Admitted in the Eastern District of Michigan
        Sulaiman Law Group, Ltd.
        2500 South Highland Avenue, Suite 200
        Lombard, Illinois 60148
        (630) 575-8181 x113 (phone)
        (630) 575-8188 (fax)
        nvolheim@sulaimanlaw.com